UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALEXANDRA JADE WORSHAM,** individually and on behalf of all others similarly situated, | § § § § | |
| **Plaintiff,** | § § | CIVIL ACTION NO. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| **B.G. PROPERTY MANAGEMENT, LLC** **Defendant.** | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff ALEXANDRA JADE WORSHAM (referred to as "Plaintiff" or "Worsham") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover minimum wages and unpaid overtime wages from Defendant B.G. PROPERTY MANAGEMENT, LLC (referred to as "Defendant" or "B.G."). In support thereof, she would respectfully show the court as follows:

**I. Nature of Suit**

1.  Worsham's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201-219 ("FLSA").

2.  The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers…" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. § 206(a), 207(a), 211(c).

3. B.G. violated the FLSA by employing Worsham and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours…at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1). Defendant requires each employee to work in excess of sixty hours a week but refuses to compensate them for the hours they work in excess of forty. Additionally, B.G.s payments to Worsham and other similarly situated employees did not meet the federally-mandated minimum wage requirements when considering the number of hours worked and violates the FLSA. 29 U.S.C. § 206.

4. B.G. violates the FLSA by failing to maintain accurate time and pay records for Worhsam and other similarly situated nonexempt employees as required by 29 U.S.C § 211(c) and 29 C.F.R. pt. 516.

5. Worsham brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1),(2) because B.G. resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Worsham's claims occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Alexandra Jade Worsham is an individual who resides in Houston, Texas and who has been employed by B.G. during the last three years.

9. B.G. Property Management is a for profit corporation doing business in the State of Texas and may be served with process by serving its registered agent, Juan Hernandez, at 7725 East Magnolia St, Houston, Texas 77012.

10. Whenever it is alleged that B.G. committed any act or omission, it is meant that B.G.'s officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of B.G. Management, or was done in the routine and normal course and scope of employment of B.G.'s officers, directors, vice-principles, agents, servants or employees.

## IV. Facts

11. B.G. is engaged in the business of property management in the territorial jurisdiction of this Court.

12. Worsham was employed by B.G. from approximately November 21, 2012 to May, 2016 as an on-site property manager.

13. B.G. has an annual gross volume of sales made or business done of at least $500,000.

14. B.G. paid Worhsam on a salary basis making less than $15,600 per year.

15. Worsham regularly worked in excess of forty hours a week.

16. B.G. knew or reasonably should have known that Worsham worked in excess of forty hours a week.

17. B.G. did not pay Worsham overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

18. B.G. required Worsham remain on call at all times.

19. B.G. fails to maintain accurate time and pay records for Worsham and other similarly situated employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

20. B.G. knew or showed reckless disregard for whether its pay practices violated the FLSA.

21. B.G. is liable to Worsham for her unpaid overtime wages, liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

22. All other property managers employed by B.G. are similarly situated to Ms. Worsham because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorney's fees and costs from B.G. pursuant to 29 U.S.C. § 216(b).

V. **Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

23. Worsham adopts by reference all of the facts set forth above.

24. As an employee with B.G., Worsham was a nonexempt employee.

25. As a nonexempt employee, B.G. is legally obligated to pay Worsham "at a rate not less than one and one-half times the regular rate at which he [was] employed" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

26. B.G. did not pay Worhsam overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

27. B.G. payed Worsham overtime at a rate less than one and one-half times the regular rate at which she is employed.

28. If B.G. classified Worsham as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the FLSA.

29. B.G. knew or showed reckless disregard for whether its pay practices violate the overtime requirements of the FLSA.

### VI.   County Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

30. Worsham adopts by reference all of the facts set forth above.

31. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

32. In addition to the pay violations of the FLSA described above, B.G. also failed to keep proper time and pay records as required by the FLSA.

### VII.   Count Three—Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206

33. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

34. Defendant's practice of failing to pay Plaintiff and other similarly situated employees at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

35. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendant, Wosham, or other similarly situated employees.

### VIII.   Count Four—Collective Action Allegations

36. Worsham adopts by reference all of the facts set forth above.

37. On information and belief, other employees have been victimized by B.G.'s violations of the FLSA as identified above and throughout this complaint.

38. These employees are similarly situated to Worsham because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a work week.

39. B.G.'s policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

40. Since, on information and belief, Worsham's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

41. All employees of B.G, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore property defined as:

All property managers.

42. B.G. is liable to Worsham and the other property managers for the difference between what it actually paid them and what it was legally obligated to pay them.

43. Because B.G. knows and/or shows a reckless disregard for whether its pay practices violate the FLSA, the company owes Worsham and the other property managers their unpaid overtime wages for at least the last three years.

44. B.G. is liable to Worsham and the other property managers in an amount equal to their unpaid overtime wages as liquidated damages.

45. B.G. is liable to Worsham and the other property managers for their reasonable attorneys' fees and costs.

46. Worsham has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## IX. Jury Demand

47. Worsham hereby demands a trial by jury.

## X. Prayer

48. Worsham prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. judgment awarding Worsham and the other property managers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representatives(s); and

   f. all such other and further relief to which Worsham and the other property managers may show themselves to justly entitled to.

Respectfully submitted,

WYLY & COOK, PLLC

By: */s/ Michael J. Bins*
    Kelly E. Cook
    State Bar No. 24062675
    Federal ID No: 1022069
    Brad T. Wyly
    Texas State Bar No. 24042198
    Federal ID No. 37505

Michael J. Bins
Texas State Bar No. 24080792
Federal ID No. 2405730
4101 Washington Ave.
Houston, Texas 77007
(713) 236-8330 Telephone
(713) 863-8502 Telefax
**ATTORNEYS FOR PLAINTIFFS**