United States District Court
Southern District of Texas
**ENTERED**
November 18, 2020
David J. Bradley, Clerk

# United States District Court
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| ALEXANDRA JADE WORSHAM, individually and on behalf of all others similarly situated, *et al*, <br> Plaintiffs, <br><br> vs. <br><br> BG PROPERTY MANAGEMENT LLC, *et al*, <br> Defendants. | §§§§§§§§§§§§§§ | CIVIL ACTION NO. <br> 4:16-cv-02712 <br><br><br><br><br><br> JUDGE CHARLES ESKRIDGE |

## Order Adopting
## Memorandum and Recommendation

Before the Court is the Memorandum and Recommendation signed by the Magistrate Judge on September 4, 2020. Dkt 77. Defendants BG Property Management LLC, Juan Hernandez Jr, Juan "Guero" Hernandez, Guero Family LP, and Houston Rooming Houses LLC have filed a limited objection. Dkt 78. Named plaintiff Alexandra Jade Worsham and opt-in plaintiffs Ruth Ashe-Lilley, Terri Grimmett, Thurman Gibson, Torrie Enard, and Debra Ann Donaldson responded. Dkt 79.

The Memorandum and Recommendation resolved three motions. The Magistrate Judge first recommended granting the motion for leave to supplement the summary judgment record filed by Plaintiffs. Dkt 77 at 14–15. Plaintiffs had moved for leave to supplement the summary judgment record with the declaration of Debra Ann Donaldson, a similarly situated property manager and opt-in plaintiff. Dkt 68 at 1. Defendants essentially argued that the declaration had scant evidentiary value. Dkt 71 at ¶ 8.

Plaintiffs argued that the declaration was still relevant to the claims in the case. Dkt 68 at ¶ 4. The Magistrate Judge found the declaration didn't raise new issues and was relevant. Dkt 77 at 15. He granted the motion for leave to supplement the summary judgment record. Ibid.

The Magistrate Judge next recommended that the motion for partial summary judgment filed by Plaintiffs be granted in part and denied in part. Dkt 77 at 24, 27–28, 30–31. Plaintiffs in this action assert FLSA claims for unpaid minimum wage, unpaid overtime, willful conduct, and retaliation. See generally Dkt 11. They moved for summary judgment on all claims except retaliation. See generally Dkt 57.

With respect to the unpaid overtime claims, the Magistrate Judge recommended granting summary judgment "to any Plaintiff in the class where there is a Contractor Labor Time Sheet produced by Defendants undisputedly showing that such Plaintiff worked uncompensated overtime (as shown by Worsham working uncompensated overtime from April 11–16, 2016 and Ashe-Lilley working uncompensated overtime from March 7–12, 2016)." Dkt 77 at 24. He also recommended denying summary judgment "as to all other times where there is not a substantiating Contractor Labor Time Sheet produced by Defendants." Ibid.

With respect to the unpaid minimum wage claims, the Magistrate Judge issued four recommendations. *First*, he recommended granting summary judgment "to any Plaintiff in the class that was not paid more than $225 during any week (excluding any 'rent credit') because it is *undisputed* that the hourly wage was *less* than the $7.25 minimum hourly wage." Id at 27–28 (emphasis in original). *Second*, he recommended granting summary judgment "to Worsham for work performed from April 11–16, 2016 and to Ashe-Lilley for work performed from March 7–12, 2016 because it is *undisputed* that they both worked 48 hours during those weeks and were only paid $6.25 per hour ($300 divided into 48 hours and excluding any 'rent credit')." Id at 28 (emphasis in original). *Third*, he recommended granting summary judgment "to any Plaintiff in the class where there is a Contractor Labor Time Sheet produced by Defendants *undisputedly* showing

2

that such Plaintiff worked overtime (similar to Worsham and Ashe-Lilley) and was paid *less* than the $7.25 minimum hourly wage (excluding any 'rent credit')." Ibid (emphasis in original). And *fourth*, he recommended denying summary judgment "to all other Plaintiffs in the class that were paid more than $250 per week (excluding any 'rent credit') except if there [is] a Contractor Labor Time Sheet produced by Defendants undisputedly showing that such Plaintiff worked overtime (similar to Worsham and Ashe-Lilley) and was paid less than the $7.25 minimum hourly wage (excluding any 'rent credit')." Ibid.

With respect to the retaliation and willfulness claims, the Magistrate Judge recommended denying summary judgment because factual disputes remain. Id at 30–31.

The Magistrate Judge last recommended denying the motion for summary judgment or for partial summary judgment filed by Defendants. Dkt 77 at 32. Defendants had sought summary judgment as to each of the Plaintiffs' FLSA claims. See generally Dkt 58. The Magistrate Judge determined that "genuine issues of material fact exist on all Plaintiffs' claims except where the Court has recommended that Plaintiffs' motion for summary judgment be granted." Dkt 77 at 32.

Plaintiffs filed no objection to the Memorandum and Recommendation. Defendants filed a limited objection, arguing that the Court should decline to adopt the recommendation to grant partial summary judgment as to the FLSA claims for unpaid minimum wage and unpaid overtime, which was based on a finding that "timesheets mean *hours worked*." Dkt 78 at ¶ 8 (emphasis original). They at base argue that a genuine dispute of material fact still exists as to whether "office hours were all hours worked under the FLSA." Id ¶ at 16. Plaintiffs responded with citations to documents and depositions upon which the Magistrate Judge relied. Dkt 79.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See

*Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

The Court has reviewed the pleadings, the record, the applicable law, the objection, and the response. The Court has also reviewed *de novo* the recommendation of the Magistrate Judge as to the FLSA claims pleaded against Defendants to the extent raised by their objections.

The Memorandum and Recommendation is ADOPTED as the Memorandum and Order of this Court. Dkt 77.

The objections raised by Defendants are OVERRULED. Dkt 78.

SO ORDERED.

Signed on November 18, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

4